

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Olin Culberson
Director, Gas Utilities Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1341
Re: Form of proposed license to
be issued by the Railroad Commission
of Texas under House Bill No. 792,
46th Legislature, Regular Session.

We have your letter of August 18, 1939, in which you request our opinion as to the provisions of a proposed license to be issued by the Railroad Commission of Texas in compliance with the provisions of House Bill No. 792, Acts, 46th Legislature, Regular Session. The form of license which has been proposed is as follows:

NO._____

RAILROAD COMMISSION OF TEXAS
GAS UTILITIES DIVISION

LICENSE

"Permit is hereby granted by the Railroad Commission of Texas to _____ of _____ County, Texas, to engage in the manufacture and/or assembly and sale of any apparatus to be used for the transportation and/or dispensing of liquefied petroleum gas, or engage in the business of transporting or dispensing liquefied petroleum gas and/or the sale and/or installation of any apparatus for the storage and/or dispensing of liquefied petroleum gas, as provided by House Bill No. 792 of the Regular Session of the Forty-sixth Legislature, for the period from the date hereof to and including the thirty-first day of August following.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Olin Culberson, Page 2


"This license is revocable and may be suspended upon violation of any of the provisions of said Act or the violation of any order, rule, or regulation adopted by the Railroad Commission of Texas.

"This license is non-transferable.

"Issued this the ____ day of _____, A. D., 19__.

RAILROAD COMMISSION OF TEXAS

(SEAL)                    BY_____"

House Bill No. 792 amends Article 6053 of the Revised Civil Statutes. Section 2b(2) of Article 6053 as amended provides for the issuance of licenses by the Railroad Commission of Texas to the person engaged in the manufacture and sale of apparatus to be used in the storage or dispensing of liquefied petroleum gas, etc. It is our opinion that the form of the proposed license should follow the language of the statute as nearly as possible. A comparison of the proposed form of license with the language of the statute shows that the statutory language has been followed exactly except that in the fourth line of the proposed form of license the word transportation has been substituted for the word storage. We believe that it would be advisable to follow the exact language of the statute in this respect.

The second paragraph of the proposed form of license provides that the license is revocable and may be suspended upon violation of any of the provisions of House Bill No. 792 or any order, rule or regulation adopted by the Railroad Commission of Texas. We believe that this is a proper provision, in view of Section 2b(4) and Section 3 of Article 6053 as amended by House Bill No. 792. We suggest however that it might be well to add to the end of this paragraph the words "under authority of said Act", since we believe that it was the intention of the statute to provide for a suspension or cancellation of the license only for violation of orders, rules or regulations of the Railroad Commission issued under the authority of this statute.

Honorable Olin Culberson, Page 3


The final paragraph provides that the license is non-transferable. There is no provision in the statute itself with reference to whether the license can or cannot be assigned or transferred. However the general rule is that "Ordinarily a license is a mere personal privilege which may not be assigned." 27 Tex. Juris. 905. There being nothing in the act to indicate an intention to make the license assignable, it is our opinion that the general rule would apply and that this provision in the license is proper.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By James P. Hart

James P. Hart
ASSISTANT

JPH:AMM


APPROVEDAUG 26, 1939

ATTORNEY GENERAL OF TEXAS

